In re: the Application of: TEXAS KEYSTONE INC.
Case No. 3:12-cv-00850-MRK

REQUEST FOR STATUS CONFERENCE AND *IN CAMERA* REVIEW

# EXHIBIT E

**CLIFFORD**
**CHANCE**

**CLIFFORD CHANCE LLP**

10 UPPER BANK STREET
LONDON
E14 5JJ

TEL +44 20 7006 1000
FAX +44 20 7006 5555
DX 149120 CANARY WHARF 3

www.cliffordchance.com

**By Email and Courier**

**Memery Crystal LLP**
(dhrands@memerycrystal.com;
NScott@memerycrystal.com;
CWhitaker@memerycrystal.com )

**Jones Day**
(sjpearson@JonesDay.com;
dtravers@JonesDay.com)

Our ref: 70-40463155
Direct Dial: +44 207006 4880
E-mail: alex.panayides@clifforchance.com

19 July 2012

Dear Sirs

**Excalibur Ventures LLC (Claimant) -v- (1) Texas Keystone Inc/LLC (2) Gulf Keystone Petroleum Limited (3) Gulf Keystone Petroleum International Limited (4) Gulf Keystone Petroleum (UK) Limited (Respondents)**

We refer to the Order of Mr Justice Popplewell of 13 July 2012 (the "**Order**"). This letter addresses paragraphs 1 to 13 of the Order, save that we will write to you further on or before 26 July 2012 addressing the matters set out in paragraph 4 of the Order. As explained in detail at paragraph 7.1 below, the only appropriate way in which to address the matters raised in Memery Crystal's letter of 4 May 2012 is by way of evidence from Messrs Rex and Eric Wempen. Accordingly, in order to satisfy the requirements of paragraph 9 of the Order, we enclose a Third Witness Statement of Rex Reiner Wempen and a Second Witness Statement of Eric Putnam Wempen. We also enclose a CD Rom containing further documents that fall to be disclosed in accordance with the Order, as set out in the attached list.

1.  **PARAGRAPH 1(1) OF THE ORDER – LEGAL PROFESSIONAL PRIVILEGE**

1.1 We confirm that to the extent that there are confidential documents within the Claimant's control that either consist of legal advice provided to the Claimant or else disclose the content of such legal advice (in either case, as it relates to the Claimant's attempts to raise project finance), then the Claimant asserts legal advice privilege over such documents. Such documents have either been withheld or redacted accordingly.

1.2 As to the particular attempts referred to in paragraphs 5,6 and 7 of the Order:

CLIFFORD CHANCE LLP IS A LIMITED LIABILITY PARTNERSHIP REGISTERED IN ENGLAND AND WALES UNDER NUMBER OC323571. THE FIRM'S REGISTERED OFFICE AND PRINCIPAL PLACE OF BUSINESS IS AT 10 UPPER BANK STREET, LONDON, E14 5JJ. A LIST OF THE NAMES OF THE MEMBERS AND THEIR PROFESSIONAL QUALIFICATIONS IS OPEN TO INSPECTION AT THIS OFFICE. THE FIRM USES THE WORD "PARTNER" TO REFER TO A MEMBER OF CLIFFORD CHANCE LLP OR AN EMPLOYEE OR CONSULTANT WITH EQUIVALENT STANDING AND QUALIFICATIONS. THE FIRM IS REGULATED BY THE SOLICITORS REGULATION AUTHORITY.

**CLIFFORD CHANCE**  CLIFFORD CHANCE LLP

1.2.1 We confirm that there are documents in the Claimant's possession that relate to its negotiations with Prime Natural Resources over which legal advice privilege is asserted on the basis set out at paragraph 1.1 above.

1.2.2 There are no documents in the Claimant's possession relating to negotiations with China Petroleum or River Resources over which legal professional privilege is asserted.

1.2.3 The Claimant is not asserting legal professional privilege over any communications with Paul Behrends.

1.2.4 We confirm that there are documents in the Claimant's possession that relate to its engagement letter with Credit Suisse dated 12 August 2010 over which legal advice privilege is asserted on the basis set out at paragraph 1.1 above.

2. **PARAGRAPH 1(2) OF THE ORDER – ERIC WEMPEN**

2.1 We can confirm that legal advice privilege is not asserted over any communications between Eric and Rex Wempen in which the advice, guidance or recommendations of Eric Wempen (within the meaning of paragraph 2 of the Order) are given. The Claimant is not withholding nor has it redacted any documents on this basis.

2.2 Litigation privilege is asserted over communications between Eric and Rex Wempen in which advice, guidance or recommendations are given by Eric Wempen (within the meaning of paragraph 2 of the Order) where those communications came into existence with the dominant purpose of conducting or aiding in the conduct of contemplated litigation with the Defendants or with the dominant purpose of obtaining legal advice from an external lawyer about such, contemplated litigation. For the avoidance of doubt it is the Claimant's case that such litigation was reasonably in prospect from mid-November 2007.

3. **PARAGRAPHS 3 AND 12 OF THE ORDER – ACTUAL LITIGATION FUNDING**

3.1 We enclose copies of the agreements in place between the Claimant and its litigation funders. These documents have been redacted in accordance with the carve outs in paragraphs 3(1)(i), 3(2), 3(3) and (4) of the Order.